# EXHIBIT E



# GUST ROSENFELD
*ATTORNEYS SINCE 1921 P.L.C.*

201 E. WASHINGTON, SUITE 800 ◼ PHOENIX, ARIZONA 85004-2327 ◼ TELEPHONE 602-257-7422 ◼ FACSIMILE 602-254-4878

Christina M. Noyes
(602) 257-7488
cmnoyes@gustlaw.com

February 5, 2010

**VIA Commercial Courier for Overnight Delivery**

Mr. Clyde Rundle
Cheetah Staffing, LLC
28309 W. Savannah Trail, Suite 200
Lake Barrington, IL 60010

Re:   **NOTICE OF TERMINATION WITHOUT CURE**

Dear Mr. Rundle:

We represent Labor Finders International, Inc. ("LFI"). LFI hereby terminates the Franchise Agreement dated April 16, 2003 and effective July 15, 2003, as amended ("Franchise Agreement") between LFI and Cheetah Staffing, LLC for a temporary staffing franchise in certain counties in Wisconsin and Illinois as stated in the Franchise Agreement ("Cheetah Staffing"). The termination is effective as of the date of this letter.

On November 6, 2009, LFI sent you a letter demanding that Cheetah Staffing cure its financial default of Sections 4.2 and 4.3 of the Franchise Agreement by paying $384,082.62 in royalty fees and software fees by December 6, 2009. To date, LFI has not received this payment and the outstanding balance has increased to $433,275.67. While LFI appreciates your professional conduct in maintaining contact with them, it is necessary to terminate your rights in order to protect LFI's interests.

Due to your late payments and termination of the Franchise Agreement, you are also in default of the Loan Agreement and Release, Promissory Note, and Security Agreement (Working Capital Loan Agreement) dated November 17, 2004 between Cheetah Staffing and LFI, the balance of which as of January 15, 2010 is $22,739.74. LFI hereby accelerates the entire amount of principal and interest due under the Working Capital Loan Agreement.

With regards to the Wisconsin counties of Kenosha County, Racine County and Milwaukee, County in which you have no operating offices, LFI declines to exercise its option under Section 10.1.8 of the Franchise Agreement to purchase from Cheetah Staffing any of its assets. As stated above, your interest and your rights in these counties are terminated as of the date of this letter. The post termination non-competition and no solicitation provisions in Section 7 of the Franchise Agreement are immediately applicable.

Mr. Clyde Rundle                    -2-                    February 5, 2010

With regards to the Illinois counties of Lake County (and your office in Gurnee, Illinois), Kane County (with an office in South Elgin, Illinois) and Du Page County (with an office in Wood Dale, Illinois) (collectively, the counties are referred to as "Illinois Counties" and the business is referred to as the "Illinois Offices" or "Illinois Business"), LFI makes the following alternative proposals which would permit you in two options to continue to operate as a "holdover" franchisee for a limited time period under the terms and conditions of those provisions:

1. <u>Option for Sale of Business</u>. You would have 45 days of this letter to find a ready buyer and enter into a letter of intent to sell your Illinois Business to an independent party. The sale would have to close within 90 days of this letter. LFI would also have the option to offer the business as a Labor Finders franchise at any time after the date of this letter. The basic terms are stated in this letter but LFI may require that a more detailed agreement be executed by you.

    a. <u>Broker listing</u>. You would be required to list your business for sale with DeBellas and Company as well as any broker we recommend and any other brokers that you identify. LFI does not have a duty, however, to find you a broker. The broker fee would be your responsibility.

    b. <u>Diligently Pursue Sale</u>. You must diligently pursue the sale of your business. If LFI believes that you are not diligently pursuing the sale or you reject a reasonable offer, then LFI has the right to terminate your holdover franchisee rights.

    c. <u>Payment of Amounts Due upon Sale</u>. All royalties, software fees, and default interest under the Franchise Agreement and Working Capital Loan would continue to be calculated and accrued. The sales price would be subject to LFI's approval. The net sales price (the sales price less any broker commission and escrow or sale expenses) would be divided 85% to LFI and 15% to Cheetah Staffing. The amount collected by LFI would be applied against the total amounts owed by Cheetah Staffing and the balance of the unpaid amounts would be forgiven. The amount paid to LFI must be paid upon closing out of an escrow account. Cheetah Staffing may enter into a separate arrangement for payment over time for its payments.

    d. <u>Noncompetition Upon Sale</u>. If the Illinois Business was sold to an independent party, LFI and any Labor Finders franchisee would agree to not directly solicit any client accounts on Cheetah's customer list for one year from the date of closing. LFI would retain the right to sell the Illinois Counties as a franchise territory but any franchise would not solicit your client accounts in the Illinois Counties for one year from the date of closing.

    e. <u>Operation of Business</u>. LFI would permit you, and you would agree, to operate your offices under the provisions of the Franchise Agreement during this 90 day time period. The default and termination provisions of the Franchise Agreement are applicable but LFI may terminate your "holdover' rights on an accelerated schedule with 7 days to cure any defaults that would otherwise be permitted to be cured within 30 days.

Mr. Clyde Rundle                  -3-                  February 5, 2010

2. <u>Option for Termination</u>. Alternatively, LFI could not grant Cheetah Staffing any rights as a "holdover" franchisee for the Illinois Counties and would waive its option to purchase the assets of the Illinois Businesses. The post termination non-competition and no solicitation provisions in Section 7 of the Franchise Agreement would be immediately applicable.

You should consider that LFI is the sole owner of all the Data, as that term is defined in Section 6.12.1.A of the Franchise Agreement and has the right <u>to sell the Data to a third party</u> or to immediately service any existing clients . termination of your Franchise Agreement. Additionally, personal guarantees have been executed by you, and LFI has the right to pursue the amounts owed against you personally.

Time is of the essence in this matter.

Please inform LFI of which option regarding the Illinois Counties that you wish to accept within 7 days of receipt of this letter by checking the box and by signing below. If you do not respond within 7 days, then Option 2, termination without any holdover rights, is automatically effective.

If you have any questions please contact me. If you are represented by counsel in this matter, please let me know immediately.

LFI reserves all its rights and remedies with respect to any other defaults or claims that it may have against you.

                                                    Very truly yours,

                                                    Christina M. Noyes,
                                                    For the Firm

☐   Option for Sale of Business

☐   Option for Termination Without Holdover Rights


Cheetah Staffing, LLC, an Illinois limited liability company

By: _____

Name: Clyde Rundle

Title:   Member and President

1169563.2