Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3102 | **DATE** | 9/16/2010 |
| **CASE TITLE** | Labor Finders International, Inc. Vs. Cheetah Staffing, et al. | | |

**DOCKET ENTRY TEXT**

Because plaintiff's arguments neither overcome the presumption that leave to amend is freely granted, nor raise any meaningful opposition to the Rundles' arguments for dismissing count III of the complaint, the Rundles' motion (34) is granted in its entirety.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     The motion by defendants Clyde and Barbara Rundle ("the Rundles") to amend their affirmative defenses and to dismiss count III of plaintiff's complaint is granted. Count III asserts a breach of the personal guaranty executed by these defendants on April 16, 2003, in conjunction with the parties' franchise agreement. Importantly, although the complaint alleges that these defendants also personally guaranteed the so-called Working Capital Loan Agreement signed on November 17, 2004, and that defendant Cheetah defaulted on the loan, count III alleges a breach only of the April 2003 guaranty, not the November 2004 one. This is critical, since the affirmative defense the Rundles seek to assert is that pursuant to an order of discharge dated November 22, 2004, they received a full discharge in bankruptcy for all debts arising before August 2, 2004, which includes the former but excludes the latter obligation.

     Plaintiff raises three meritless grounds for denying defendants' motion. The first is that the Rundles' guaranty of the Working Capital Loan was not listed on their bankruptcy schedule. This argument is mystifying because not only do the Rundles acknowledge that any amounts due under the Working Capital Loan Agreement "are not affected by the discharge" (and thus are outside the scope of their newly proposed affirmative defense), but count III does not even allege that the Rundles breached their obligations under the Working Capital Loan Agreement. Even if these facts were no obstacle to plaintiff's position, its legal argument is specious. Plaintiff argues that the Rundles' obligation under the Working Capital Loan Agreement is subject to Section 523(a)(10) of the Bankruptcy Code, which excepts certain debts from the sweeping discharge provisions of Section 727(b). But § 523(a)(10) excepts "debts that existed when the debtor filed a prior bankruptcy case but were for specified reasons not discharged in that prior case." *In re Mendiola*, 99 B.R. 864, 866 (Bankr. N.D. Ill. 1989). No one says anything about any "prior bankruptcy" in this case, so this provision is plainly inapplicable. In short, plaintiff's first argument is profoundly confused.

     Next plaintiff argues that the Rundles' debt under the franchise agreement was not discharged by the

| STATEMENT |
|---|

November 22, 2004, order of discharge because no "debt" existed at that point.[1] According to plaintiff, no debt arose until defendants were notified, in November of 2009, of their default on their obligations under the franchise agreement. This argument, too, is contrary to the law of this circuit. *See In re Rosteck*, 99 B.R. 400 (N.D. Ill. 1989) (citing *Behrens v. Woodhaven*, 87 B.R. 971 (N.D. Ill. 1988))(both holding that a debtor's obligation under a prepetition agreement is dischargeable as a prepetition debt regardless of when debt actually arose). Plaintiff cites no authority to the contrary.

Finally, plaintiff argues that the Rundles' motion is untimely and prejudicial. The facts they cite in support of this argument are that defendants "purposely concealed" the Rundles' bankruptcy proceedings throughout the parties' franchise relationship, purportedly in violation of the franchise agreement, and that plaintiff was prejudiced because had it known of the bankruptcy, it would have terminated the agreement earlier. But these facts are irrelevant to the proper prejudice analysis, which focuses on plaintiff's litigation position, not on events that occurred prior to the lawsuit. For example, leave to amend may be denied where a party seeks to add claims or defenses after discovery has closed and summary judgment motions have been filed or even ruled upon, since allowing amendments at that point would force the opposing party to "re-litigate the dispute on new bases...and to incur new rounds of additional and costly discovery." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995). In this case, the Rundles' motion to amend was filed only a month after its original answer was filed, and more importantly, plaintiff does not dispute that it has had an opportunity to conduct discovery on the newly raised affirmative defense, nor does it point to any other litigation-related prejudice.

Because plaintiff's arguments neither overcome the presumption that leave to amend is freely granted, nor raise any meaningful opposition to the Rundles' arguments for dismissing count III of the complaint, the Rundles' motion is granted in its entirety.

---

1. Plaintiff makes an ancillary argument in this connection that defendants are not entitled to an automatic stay of the litigation. It is difficult to discern the relevance of this argument, but in any event, it does not alter my view that plaintiff's primary argument is meritless.